IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| AMALIA REBECCA GONZALES, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) Case No. 3:25-cv-2122-DWD |
| | ) |
| WARDEN FCI Greenville, | ) |
| | ) |
| Respondent. | ) |

## MEMORANDUM & ORDER

**DUGAN, District Judge:**

Petitioner, an inmate at FCI Greenville, filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241. (Doc. 1). The Petition is before the Court for a preliminary review under Rule 4 of the Rules Governing Section 2254 Cases in the U.S. District Courts.[1] That rule states: "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." *See* Rule 4 of the Rules Governing Section 2254 Cases in the U.S. District Courts; *accord Mayle v. Felix*, 545 U.S. 644, 663 (2005).

An Indictment with the following charges was returned against Petitioner: (1) conspiracy to distribute and possess with intent to distribute methamphetamine, fentanyl, and para-fluorofentanyl under 21 U.S.C. §§ 841(a)(1) and 846 (Count 1);

---

[1] Rule 1(b) of the Rules Governing Section 2254 Cases in the U.S. District Courts states, "[t]he district court may apply any or all of these rules to a habeas corpus petition not covered by Rule 1(a)." Therefore, although the Petition is filed under § 2241 and involves a federal conviction and federal custody, the Rules Governing Section 2254 Cases in the U.S. District Courts can be applied. *See Hudson v. Helman*, 948 F. Supp. 810 (C.D. Ill. 1996) (citing *Kramer v. Jenkins*, 108 F.R.D. 429, 431 (N.D. Ill. 1985)).

(2) distribution of para-fluorofentanyl under § 841(a)(1) (Count 2); (3) distribution of methamphetamine under § 841(a)(1) (Count 3); (4) use of an interstate facility in aid of racketeering under 18 U.S.C. § 1952(a)(3) (Count 4); (5) possession with intent to distribute fentanyl under § 841(a)(1) (Count 5); and (6) possession with intent to distribute methamphetamine under § 841(a)(1) (Count 6). *See U.S. v. Gonzalez*, No. 22-cr-177, Doc. 1 (E.D. Ca. Aug. 11, 2022); (Doc. 1). Petitioner pled guilty to Counts 1 and 5, pursuant to a plea agreement, and was sentenced as follows on November 7, 2024:

> The defendant was sentenced on Counts 1 and 5 of the Indictment to imprisonment of 81 months on each of Counts 1 and 5, to be served concurrently to each other, for a Total Term of 81 months. The Court recommended that the defendant be incarcerated at 1) FCI Greenville, Illinois, or 2) FCI Waseca, Minnesota, and participate in the 500-Hour Bureau of Prisons Substance Abuse Treatment Program. Upon release from imprisonment, the defendant shall be placed on Supervised Release for a term of 60 months on Counts 1 and 5, to run concurrently, for a Total Term of 60 months. The defendant shall pay a Special Assessment of $200.00, payment to begin immediately. The Court found the defendant does not have the ability to pay a fine, and imposition of a fine was waived. Counts 2, 3, 4, and 6 DISMISSED.

*See Gonzalez*, No. 22-cr-177, Docs. 33, 36, 51 (E.D. Ca.); (Doc. 1).

Now, Petitioner challenges the "[d]enial of eligibility under 18 U.S.C. § 3632(d) for earned time credits under the First Step Act." (Doc. 1, pg. 2). She argues: "I am not excluded from participation in the FSA Credits program due to my offense of conviction." (Doc. 1, pgs. 6-7). Petitioner also lists three administrative appeals that were filed, unsuccessfully, with the Bureau of Prisons. (Doc. 1, pgs. 2-4). As relief, Petitioner requests an "[o]rder [for] the Bureau of Prisons to consider my eligibility for FSA credits without regard to 18 U.S.C. § 3632(d)(4)(D)(lxvii)." (Doc. 1, pg. 8).

2

Here, given the limited record and arguments, it does not "plainly appear[] from the petition" that Petitioner is entitled to no habeas relief. *See* Rule 4 of the Rules Governing Section 2254 Cases in the U.S. District Courts; *accord Mayle*, 545 U.S. at 663. Accordingly, without commenting on the merits of the Petition, the Court **FINDS** the Petition survives a Rule 4 preliminary review. Respondent is **DIRECTED** to file an answer or other pleading by **March 11, 2026**. Petitioner then has until **April 10, 2026**, to file a Reply. This Memorandum & Order does not preclude Respondent from raising any objection or defense to the Petition. Service upon the United States Attorney for the Southern District of Illinois, 750 Missouri Avenue, East St. Louis, Illinois, shall constitute sufficient service. Petitioner is **ADVISED** of the obligation to keep the Clerk of the Court and Respondent apprised of changes to her address. Petitioner shall notify the Clerk of the Court and Respondent of any change of address, in writing, within 14 days. The failure to do so could result in a dismissal of this action. *See* Fed. R. Civ. P. 41(b). By virtue of this ruling, Petitioner's Motion for Expedited Processing (Doc. 5) is **DENIED as moot**.

    **SO ORDERED.**

    Dated: February 9, 2026                *s/ David W. Dugan*

                                                DAVID W. DUGAN
                                                United States District Judge